1

2

3

4                        **UNITED STATES DISTRICT COURT**
                            **DISTRICT OF NEVADA**
5

6

7

JAY LAUGHLIN,                          )        3:10-cv-00632-ECR-RAM
8                                      )
         Plaintiff,                    )
9                                      )
vs.                                    )        **Order**
10                                     )
BANK OF AMERICA, BRAD CARNEY, and      )
11  PHIL BUTLER,                       )
                                       )
12       Defendants.                   )
                                       )
13  _____  )

14

15        On October 6, 2010, Plaintiff Jay Laughlin filed a civil rights

complaint pursuant to 42 U.S.C. § 1983 against Bank of America, N.A.
16
("BoA", Phil Butler, and Brad Carney (collectively, "Defendants").
17
Plaintiff alleges that he was charged for an insurance policy he
18
never ordered, and that his account was charged in the amount of
19
$29.95 more than once, resulting in an overdraft.  Plaintiff further
20
alleges that BoA refused to refund the overdraft, and that he was
21
later barred from entering the Bank of America by Defendant Carney.
22
Plaintiff also alleges that a check he wrote was charged twice on
23
September 8, 2010 and September 9, 2010, resulting in another
24
overdraft charge.  On September 17, 2010, Plaintiff received a
25
letter stating that BoA was closing his account, which Plaintiff
26
alleges was retaliation. Count I of Plaintiff's complaint claims
27

28

"harassment and intimidation" and Count II claims "retaliation towards a witness."

Defendants filed a motion to Dismiss (#21), alleging that Plaintiff has failed to state a claim upon which relief may be granted, and that service was untimely and/or improper. Plaintiff filed a number of documents which we treat as opposition (##25, 26. 29). Plaintiff does not address Defendants' argument that Plaintiff's claims are deficient.

Plaintiff's complaint fails to allege a § 1983 claim. 42 U.S.C. § 1983 provides:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, claims under § 1983 may only be made against state actors, or private parties acting in concert with state actors. See, e.g., Rendell-Baker v. Kohn, 457 U.S. 830, 837-840 (1982). The Defendants in this case have not been shown to be state actors. They are a national banking association and two of its employees. "The mere fact that national banking associates are regulated by the Federal government does not make them subject to civil rights actions." C.A.R. Leasing, Inc. v. First Lease, Inc., 394 F.Supp. 306, 310 (D.C. Ill. 1975). Therefore, Plaintiff's claims, insofar as they are brought under 42 U.S.C. § 1983, must be dismissed with prejudice.

If we view Plaintiff's claims as one for the tort of fraud, Plaintiff's claim must still be dismissed because Plaintiff has failed to show that this Court has jurisdiction over such a claim. Even if the parties are diverse, it is clear from Plaintiff's allegations that the amount-in-controversy is significantly less than $75,000.  Therefore, we decline to allow Plaintiff to amend his complaint to state a claim based on these allegations, as no amount of additional facts will cure the deficiencies of the complaint.

Defendants also argue that service was untimely made on the individual defendants, and that BoA was never properly served. Because we dismiss the complaint entirely for failure to state a claim, we will not address whether Plaintiff showed good cause when he claimed that service was delayed because he had difficulty obtaining the address of Defendants.

Defendants also filed a Motion to Strike Docket Entries 31 and 32 (#33).  After Defendants filed their reply (#30), Plaintiff filed documents ##31 and 32, making additional arguments about his difficulty in locating Defendants to serve them, and an alleged altercation with BoA employees.  These filings were improper and shall be stricken.


**IT IS, THEREFORE, HEREBY ORDERED** that Defendants' Motion to Dismiss (#21) is **GRANTED**.  Plaintiff's § 1983 claim is **DISMISSED** with prejudice.  Because granting leave to amend would be futile, we shall not grant Plaintiff a chance to file an amended complaint to allege different claims based on these allegations.

3

1     **IT IS FURTHER ORDERED** that Defendants' Motion to Strike (#33)

2 is **GRANTED**.   Documents ##31 and 32 shall be stricken.

3     The Clerk shall enter judgment accordingly.

4

5 DATED: March 16, 2012.

6

7                          UNITED STATES DISTRICT JUDGE

4